IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DUSTIN GREEN,** )<br>Individually And On Behalf Of )<br>All Others, )<br>)<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>**VALVOLINE LLC** )<br>Registered Agent )<br>C T Corporation System )<br>208 SO Lasalle Street, Suite 814 )<br>Chicago, IL  60604 )<br>)<br>    Defendant. ) | Case No.: 3:23-cv-2299<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Dustin Green, by and through his attorneys, and on behalf of himself, the Putative Classes set forth below, and in the public interest, brings the following class action Complaint against Defendant, Valvoline LLC. ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from a third-party entity.

3. Defendant obtained information concerning the Plaintiff from a third-party entity for employment purposes.

4. Defendant obtained information concerning the Plaintiff from a Consumer Reporting Agency (as a Consumer Reporting Agency is defined pursuant to the FCRA).

5. Defendant paid a fee for the information it obtained concerning the Plaintiff.

6. The information obtained concerning the Plaintiff was a Consumer Report (as a Consumer Report is defined pursuant to the FCRA).

7. Defendant relies on information in Consumer Reports to make decisions regarding prospective or current employees.

8. Defendant relies on information in Consumer Reports, in whole or in part, as a basis for adverse employment actions, such as a refusal to hire and/or termination.

9. Plaintiff asserts FCRA claims against Defendant on behalf of himself and a class of individuals whose rights under the FCRA were violated.

10. On behalf of himself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, and all other relief available.

## PARTIES

11. Plaintiff is a resident of Alton, Illinois. Plaintiff is a member of the Putative Classes defined below.

12. Defendant is a foreign company formed under the laws of Delaware and doing business in Illinois and through the United States.

## JURISDICTION AND VENUE

13. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff resides in Illinois, applied to work for Defendant in Illinois, and his claims arise, in substantial part, in Illinois. Defendant regularly conducts business in Illinois and is subject to personal jurisdiction in this district.

15. Plaintiff desires the trial to be held in the District Court of Illinois at East St. Louis,

Illinois.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

17. Plaintiff applied online to work for the Defendant in or about September 2022.

18. Plaintiff had a phone interview with the Defendant.

19. Plaintiff received paperwork from the Defendant via email.

20. Plaintiff completed the paperwork and sent it to the Defendant.

21. Defendant asked the Plaintiff if he would like to start before his background check came back.

22. Plaintiff told the Defendant he did not want to start before his background check was completed because he did not want to waste his time.

23. Plaintiff received an email from Defendant approximately three weeks later telling him he passed the background check.

24. Plaintiff received a phone call informing him when orientation would begin.

25. Plaintiff finished orientation and began working for the Defendant.

26. Plaintiff was called in by Human Resources and was told that he was being fired because of information in his Consumer Report.

27. Plaintiff was told to clock out.

28. Plaintiff has never received a copy of his Consumer Report.

29. Firing the Plaintiff because of information in his Consumer Report is an adverse action (as an adverse action is defined pursuant to the FCRA).

30. Plaintiff was not provided with a reasonable amount of time to challenge or address the information in his Consumer Report before the adverse action.

31. The significance of an individual's interest in retaining employment cannot be overstated.

32. Defendant's action deprived the Plaintiff of his right to address the information being used against him.

33. Defendant's violations of the FCRA had downstream consequences including, but not limited to, violations of the Illinois Human Rights Act ("IHRA").

34. Defendant's action deprived the Plaintiff of his rights under the FCRA and IHRA.

35. Defendant's actions deprived the Plaintiff of his livelihood.

36. Defendant's actions threatened the Plaintiff's livelihood.

37. Defendant's actions deprived the Plaintiff of the chance to obtain a benefit.

38. Defendant's actions deprived the Plaintiff of the benefits associated with obtaining the information that was being used against him before any adverse action.

39. Defendant's actions deprived the Plaintiff of the chance to obtain the benefit of reviewing the Consumer Report prior to the adverse action.

40. Defendant's actions deprived the Plaintiff of the benefits associated with retaining employment.

41. Plaintiff would not have allowed the Defendant access to his personal information if he had known that his personal information would be used in violation of his rights.

42. Plaintiff would not have allowed the Defendant access to his personal information if he had known that his personal information would be used in violation of the FCRA and/or the IHRA.

43. Plaintiff would not have allowed the Defendant access to his personal information

      if he had known he would not be given a copy of his Consumer Report before any adverse action.

44. Plaintiff would not have allowed the Defendant access to his personal information if he had known that his personal information would be used in an illegal manner.

45. Defendant's actions deprived the Plaintiff of opportunity and other tangible and intangible rights.

46. Plaintiff suffered tangible and intangible injury as a result of the Defendant's actions.

47. Defendant did not conduct an interactive assessment as required by the IHRA.

48. Defendant has never provided the Plaintiff with a preliminary decision in writing as required by the IHRA.

49. On information and belief, the Defendant is contractually and statutorily bound to provide the Plaintiff with a copy of his Consumer Report before taking any adverse action.

50. On information and belief, the Defendant is a party to contract/agreement that requires them to provide individuals with a copy of their Consumer Report before taking any adverse action based on information in that report.

51. On information and belief, the agreement between the Defendant and the Consumer Reporting Agency requires the Defendant to abide by the protections provided by 15 U.S.C. §1681b(b)(2) and b(b)(3).

52. According to 15 U.S.C. §1681b(b)(1), Defendant should have provided the Consumer Reporting Agency with a certification that: they had complied with 15 U.S.C. §1681b(b)(2), would comply with 15 U.S.C. §1681b(b)(3), and would not

use Plaintiff's Consumer Report in violation of equal employment opportunity laws or regulations.

53. On information and belief, any 15 U.S.C. §1681b(b)(1) certification provided by the Defendant was false.

54. Defendant's violation of 15 U.S.C. §1681b(b)(3) confused the Plaintiff.

55. Plaintiff believed the Defendant's employment decision was final and there was nothing he could do to change their mind.

56. Defendant is aware of the FCRA and the IHRA.

57. Defendant has knowledge that it must comply with the FCRA and the IHRA.

58. Despite having knowledge of the requirements of the FCRA and IHRA, Defendant failed to comply with either.

59. Defendant's violations of the FCRA and related violations of the IHRA combined with its knowledge of the requirements of both laws is evidence that the Defendant's violations were reckless.

60. The manner in which the Defendant obtained a Consumer Report on the Plaintiff is consistent with its policies and procedures governing the procurement of Consumer Reports on individuals for employment purposes.

## CLASS ACTION ALLEGATIONS

61. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

62. Plaintiff asserts the following adverse action class defined as:

**ADVERSE ACTION CLASS:** All employees or prospective employees of Defendant that suffered an adverse employment action that was based, in whole or in part, on information contained in a Consumer Report, and who were not provided with a copy of their report before adverse action during the period from June 30, 2021, through the conclusion of this matter.

**CERTIFICATION CLASS:** All individuals who were the subject of one or more Consumer Reports in which the Defendant represented that it would comply with 15 U.S.C. §1681b(b)(1) for the period from June 30, 2018, through the conclusion of this matter.

## Numerosity

63. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in Consumer Reports to conduct background checks on prospective employees and existing employees. Defendant regularly obtains Consumer Reports via false certifications and relies on the information therein, in whole or in part, as a basis for adverse employment action. Given the nature of Defendant's business, Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the class.

## Common Questions of Law and Fact

64. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual class members. Among the questions of law and fact common to the classes are:

    a. Whether Defendant uses the information in a individual's Consumer Report to take adverse actions;

    b. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class without first providing them with a copy of their Consumer Report;

    c. Whether the Defendant obtained Consumer Report via a false 15 U.S.C. §1681b(b)(1) certification;

    d. Whether Defendant's violations were reckless; and

    e. The proper measure of damages.

## Typicality

65. Plaintiff's claims are typical of the members of the proposed classes. Defendant typically uses obtains Consumer Reports via a false 15 U.S.C. §1681b(b)(1) certification and uses information in the Consumer Reports to take an adverse employment action in violation of the law. The violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

66. Plaintiff, as a representative of the classes, will fairly and adequately protect the interests of the Putative Classes and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

67. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

68. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because prosecution of actions by or against individual members of the putative classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such

action, impeding their ability to protect their interests.

69. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the classes, so that any final relief is appropriate respecting the classes as a whole.

70. Class certification is also appropriate under Rule 23 of the Federal Rules of Civil Procedure because questions of law and fact common to the putative classes predominate over any questions affecting only individual members of the putative classes, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against

71. Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution, the Plaintiff is unaware of any similar claims brought against Defendant by any members of the Putative Classes on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class member's claims in a single forum.

72. Plaintiff intends to send notice to all members of the putative classes to the extent

required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

### Adverse Action Violations

73. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

74. Defendant obtained a "Consumer Report," as defined by the FCRA, concerning the Plaintiff.

75. Defendant used the information in the Plaintiff's Consumer Report as a basis to take adverse employment action against the Plaintiff, and on information and belief, other members of the adverse action class.

76. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the Consumer Report that was used to take adverse employment action against them before to the adverse action.

77. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to address and/or dispute the information in their Consumer Report.

78. Had Defendant complied with the FCRA, Plaintiff would have been given time to review, dispute and/or address the information contained in the Consumer Report.

79. The Defendant's failure to provide the Plaintiff a copy of the Consumer Report denied the Plaintiff a meaningful opportunity to address the information contained within the Consumer Report.

80. Being provided a copy of the Consumer Report before termination, in compliance with the FCRA, would have helped the Plaintiff understand what information the Defendant was using against his.

81. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

82. The foregoing violations were reckless.

83. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other individuals under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

    a. Defendant has access to legal advice through outside employment counsel;

    b. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

    c. 15 U.S.C. §1681-1681y, addresses the requirement of obtaining and using a Consumer Report.

84. Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

85. Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

86. Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## COUNT II
### Certification Violations

87. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

88. Consumer Reporting Agencies are legally prohibited from providing employment related Consumer Reports without first obtaining the certifications required by 15 U.S.C. §1681b(b)(1).

89. According to the provisions of 15 U.S.C. §1681b(b)(1), Defendant cannot obtain

an individual's Consumer Report until they have certified that they have complied with the mandates of 15 U.S.C. §1681b(b)(2).

90. According to the provisions of 15 U.S.C. §1681b(b)(1), Defendant cannot obtain an individual's Consumer Report until they have certified that they will comply with the mandates of 15 U.S.C. §1681b(b)(3) if that section becomes applicable.

91. According to the provisions of 15 U.S.C. §1681b(b)(1), Defendant cannot obtain an individual's Consumer Report until they have certified that information from the Consumer Report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation.

92. On information and belief, prior to obtaining a Consumer Report, concerning the Plaintiff and other putative class members, the Defendant certified that they had complied with 15 U.S.C. §1681b(b)(2) and would comply with 15 U.S.C§1681b(b)(3) if that section became applicable.

93. On information and belief, prior to obtaining a Consumer Report, concerning the Plaintiff and other putative class members, the Defendant also certified that information would not be used in violation of any applicable Federal or State equal opportunity employment law or regulation.

94. Defendant knew that it would not comply with the mandates of 15 U.S.C. §1681b(b)(1) prior to obtaining a copy of the Plaintiff's Consumer Report.

95. Defendant made false certifications to obtain and use Consumer Reports for employment purposes.

96. The provisions of 15 U.S.C. §1681b(b)(1) are intended to protect the privacy rights of Plaintiff and putative class members.

97. Plaintiff and the putative class members were injured by the Defendant's practice of obtaining Consumer Reports via false certifications.

98. Absent the Defendant's false certifications, the Defendant would not have gained access to the Plaintiff's Consumer Report.

99. Absent the Defendant's false certifications, the Plaintiff would not have been denied employment.

100. Plaintiff would have never permitted the Defendant to obtain a copy of his Consumer Report if had he known that the Defendant would violate the provisions of the FCRA.

101. Plaintiff would have never permitted the Defendant to obtain a copy of his Consumer Report if had he known that the Defendant was obtaining Consumer Reports in violation of the law.

102. Plaintiff would have never permitted the Defendant to obtain a copy of his Consumer Report had he known that the Defendant employed a policy to take adverse action in violation of the FCRA.

103. Plaintiff would have never permitted the Defendant to obtain a copy of his Consumer Report had he known that the Defendant would deny him the opportunity to dispute his Consumer Report before any adverse action.

104. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff and putative class members.

105. The foregoing violations were done in reckless disregard of the law.

106. Defendant acted in deliberate or reckless disregard of its obligations and of the Plaintiff's rights.

107. Defendant's reckless conduct is reflected by, among other things, the following:

   a. Defendant has access to legal advice through outside employment counsel;

   b. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

   c. Defendant made certifications per 15 U.S.C. §1681b(b)(1) that it purposely violated.

108. Plaintiff and the proposed putative class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

109. Plaintiff and the proposed putative class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

110. Plaintiff and the proposed putative class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

   a. Order that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

   b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Classes;

   c. Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

   d. Order finding that Defendant committed multiple, separate violations of the FCRA;

  e.  Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

  f.  Order awarding nominal damages, statutory damages and punitive damages as provided the FCRA;

  g.  Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

  h.  Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed classes have a right to jury trial.

By: /s/ Jayson A. Watkins
Jayson A. Watkins IL 61434
C. Jason Brown IL 49952
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF